```
                                                              FILED
              UNITED STATES DISTRICT COURT              IN CLERKS OFFICE
             FOR THE DISTRICT OF MASSACHUSETTS

                                                       2008 DEC 11  A 9: 51
```

|   |   |
|---|---|
| W. CURTISS PRIEST AND <br> WILLIAM H. MORRIS, <br> D/B/A KNOWLEDGE SPREADSHEET <br> TECHNOLOGIES (KST), <br><br> Plaintiffs, <br><br> v. <br> GOOGLE INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

U.S. DISTRICT COURT
DISTRICT OF MASS.

## COMPLAINT

W. Curtiss Priest and William H. Morris, d/b/a Knowledge Spreadsheet Technologies (KST), brings this action for patent infringement against Defendant Google Inc., and alleges as follows:

### PARTIES

1. Plaintiffs W. Curtiss Priest and William H. Morris, d/b/a Knowledge Spreadsheet Technologies ("Priest & Morris"), are residents of the Commonwealth of Massachusetts having a place of business at 466 Pleasant Street, Melrose, MA 02176.

2. On information and belief, Defendant Google Inc. ("Google") is a corporation incorporated under the laws of California, having its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043

### JURISDICTION AND VENUE

3. This is an action for infringement of a United States Patent under 35 U.S.C. § 271. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue in this district is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

5. The Court has personal jurisdiction over the Defendant, Google Inc., under MASS. GEN. LAWS ch. 223A, § 3, including for the reason that Google conducts business in the Commonwealth of Massachusetts; contracts with one or more residents of the Commonwealth of Massachusetts; and commits acts of patent infringement, as more fully described below, in whole or in part in the Commonwealth of Massachusetts.

## FACTUAL BACKGROUND

6. On Nov 24, 1992, United States Patent No. 5,167,011 ("the '011 patent") for "Method for Coordinating Information Storage and Retrieval," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO"). On Oct 27, 1998 a continuance of "Method for Coordinating Information Storage and Retrieval," patent 5829002 ("the '002 patent') was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO")

7. True and accurate copies of the '011 and '002 patents are attached hereto as Exhibit A and incorporated herein.

8. Priest is the inventor and Priest & Morris have sole ownership of all right, title, and interest in, to, and under the '011 and '002 patents and all rights of recovery thereunder.

9. The '011 and '002 patents have not expired and are in full force and effect.

10. Google has made and is making telecommunication-based software applications as a service ('ASP') such as Google Reader which infringe the '011 and '002' patents in the United States, and/or import services which infringe the '011 and '002 patents into the United States. This is especially true, say, for the 'ASP' known as the Google Reader.

11. Google, through various and varied novel revenue generating business methods accrued over $16 billion in annual Operating Revenues and over $4 billion in annual Net

Income declared 12/2007. A substantial portion of these revenues derives from income related to softwares and related services that infringe the '011 and '002 patents.

12. Priest & Morris informed Google of the availability of the '011 and '002 patents in late 2007 by contacting Google's "bizdev" development program via e-mailed submissions. On March 18, 2008 (re: #253762484], the "bizdev" team wrote to inform Priest & Morris that Google was not interested in these patents.

13. On May 14, 2007, a District Court ruled in favor of SanDisk regarding the pre-emptive use of declaratory judgements in matters of offers and possible patent infringements. As the result of this ruling and ensuing opinions, Priest & Morris refrained from further direct contact with Google.

14. Based on further opinion, Priest & Morris elected to not continue direct correspondence with Google but rather file suit for infringement with their local Federal District Court so as to avoid untoward possible actions that might prevent them from reaching a fair settlement with Google. While Priest & Morris wished to handle the discussion without resorting to the courts, this precendence made that too dangerous.

15. Further, as Priest & Morris, in good faith, only wish that the invention be used to its fullest potential, and have a strong wish that precious court and corporate resources be conserved, the plaintiffs prefer reaching this fair settlement through friendly appreciation and negotiation. In any event, we encourage defendant to not view this complaint as "litigious behavior" and to view it in respective good faith and action. (Should Google respond with unusual and unwarranted adversity, Priest & Morris would ask the judge what relief they might seek in the courts.)

# COUNT I

## Infringement of the '011 and '002 Patents

16. Plaintiffs Priest & Morris incorporates by reference paragraphs 1-15 above as though fully set out herein.

17. In violation of 35 U.S.C. § 271(a), Google has and is actively engaged in acts of direct infringement of the '011 and '002 patents. Depending upon discovery regarding information provided as described above (#253762484), Google's infringement may have been and may continue to be willful and deliberate. Google will continue to engage in such acts unless enjoined by this court.

18. In violation of 35 U.S.C. § 271(b), Google has and is actively engaged in inducing infringement of the '011 and '002 patents. Google has caused and is causing, urging, encouraging, and/or aiding, possibly with knowledge and specific intent, others to infringe the '011 and '002 patents. Google will continue to engage in such acts unless enjoined by this court.

19. In violation of 35 U.S.C. § 271(c), Google, depending on the results of discovery, may contribute and may have contributed to the infringement of the '011 and '002 patents by providing telecommunicated access within the United States and/or importing into the United States a component of a patented machine, constituting a material part of the invention disclosed in the '011 and '002 patents, possibly knowing the same to be especially made or especially adapted for use in an infringement of the '011 and '002 patents, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Again, based on the results of discovery, Google's contributory infringement may have been been and may continue to be willful and deliberate. Google

will continue to engage

in such acts unless enjoined by this court.

20. By reason of the aforesaid infringement, Priest & Morris have been and continue to be damaged and irreparably harmed and is entitled to damages adequate to compensate for the infringement by Google, but in no event less than a reasonable royalty for the use made of the invention by Google together with interest and costs as provided under the terms and provisions of 35 U.S.C. § 284.

21. Priest & Morris are without an adequate remedy at law for the infringement of the '011 and '002 patents.

22. Priest & Morris is entitled to injunctive relief as provided under the terms and provisions of 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Priest & Morris respectfully requests this Court to grant the followingrelief, and any other relief the Court may deem proper, against the Defendant Google:

1. Enter judgment in favor of Priest & Morris determining that Google directly infringes, and has directly infringed, the '011 and '002 patent in violation of 35 U.S.C. § 271(a);

2. Enter judgment in favor of Priest & Morris determining that Google induces the infringement of, and has induced the infringement of, the '011 and '002 patents in violation of 35 U.S.C. § 271(b);

3. Enter judgment in favor of Priest & Morris determining that Google contributorily infringes, and has contributorily infringed, the '011 and '002 patents in violation of 35 U.S.C. § 271(c);

4. Permanently enjoin Google and its officers, agents, divisions, affiliate, subsidiaries, successors, employees, and representatives, and all those controlled by or acting in concert or privity with them, from infringing, inducing the infringement, and/or contributing to the infringement of the '011 and '002 patents;

5. Award Priest & Morris a monetary damages for infringement, in an amount to be proven at

trial;

6. Award Priest & Morris treble damages for willful infringement, as established, pursuant to 35 U.S.C. § 284;

and

7. Award Priest & Morris prejudgment and post-judgment interest, attorneys' fees, costs, and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Priest & Morris demand a trial by jury on all issues so triable.

Dated: December 2, 2008

                                      Respectfully submitted,

                                      W. CURTISS PRIEST AND
                                      WILLIAM H. MORRIS
                                      D/B/A KNOWLEDGE
                                      SPREADSHEET TECHNOLOGIES