UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W. CURTISS PRIEST and WILLIAM H. MORRIS, d/b/a KNOWLEDGE SPREADSHEET TECHNOLOGIES (KST),<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Civil Action No. 08-cv-12056-DPW |

**DEFENDANT'S ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT**

Defendant GOOGLE INC. ("Google") hereby provides its Answer, Defenses, and Counterclaims to the Complaint filed on December 11, 2008 by Plaintiffs W. CURTISS PRIEST and WILLIAM H. MORRIS, d/b/a KNOWLEDGE SPREADSHEET TECHNOLOGIES ("Priest and Morris"), and states as follows:

## PARTIES

1. Plaintiffs W. Curtiss Priest and William H. Morris, d/b/a Knowledge Spreadsheet Technologies ("Priest & Morris"), are residents of the Commonwealth of Massachusetts having a place of business at 466 Pleasant Street, Melrose, MA 02176.

**ANSWER:**

Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis denies them.

2. On information and belief, Defendant Google Inc. ("Google") is a corporation incorporated under the laws of California, having its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043

**ANSWER:**

Google admits its principal place of business is at the address identified and that it is a corporation, but denies the remaining allegations of paragraph 2.

## JURISDICTION AND VENUE

3. This is an action for infringement of a United States Patent under 35 U.S.C. § 271. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**

Google admits that Plaintiff has filed what purports to be an action for patent infringement arising under 35 U.S.C. § 271 and, for that reason, this Court has subject matter jurisdiction over the claims. Google denies the claims have merit.

4. Venue in this district is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

**ANSWER:**

Google admits that it is subject to personal jurisdiction in this district and, for that reason, venue is proper.

5. The Court has personal jurisdiction over the Defendant, Google Inc., under MASS. GEN. LAWS ch. 223A, § 3, including for the reason that Google conducts business in the Commonwealth of Massachusetts; contracts with one or more residents of the Commonwealth of Massachusetts; and commits acts of patent infringement, as more fully described below, in whole or in part in the Commonwealth of Massachusetts.

**ANSWER:**

Google admits that this Court has personal jurisdiction over Google because Google conducts business in the Commonwealth of Massachusetts, but denies the remaining allegations of paragraph 5.

## FACTUAL BACKGROUND

6. On Nov 24, 1992, United States Patent No. 5,167,011 ("the '011 patent") for "Method for Coordinating Information Storage and Retrieval," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO"). On Oct 27, 1998 a continuance of "Method

-2-

for Coordinating Information Storage and Retrieval," patent 5829002 ("the '002 patent") was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO").

**ANSWER:**

Google admits that on November 24, 1992, the U.S. Patent and Trademark Office issued United States Patent No. 5,167,011 ("the '011 patent") entitled, "Method for Coordinating Information Storage and Retrieval." Google admits that on October 27, 1998, the U.S. Patent and Trademark Office issued United States Patent No. 5,829,002 ("the '002 patent") entitled "Method for Coordinating Information Storage and Retrieval." Google denies that the '011 patent or the '002 patent were legally issued or that either is valid.

7. True and accurate copies of the '011 and '002 patents are attached hereto as Exhibit A and incorporated herein.

**ANSWER:**

Google admits that Exhibit A appears to be copies of the '011 and '002 patents.

8. Priest is the inventor and Priest & Morris have sole ownership of all right, title, and interest in, to, and under the '011 and '002 patents and all rights of recovery thereunder.

**ANSWER:**

Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and, on that basis denies them.

9. The '011 and '002 patents have not expired and are in full force and effect.

**ANSWER:**

Paragraph 9 states a legal contention to which no response is required.

10. Google has made and is making telecommunication-based software applications as a service ("ASP") such as Google Reader which infringe the '011 and '002 patents in the United States, and/or import services which infringe the '011 and '002 patents into the United States. This is especially true, say, for the "ASP" known as the Google Reader.

**ANSWER:**

Google admits that it allows users to use a service known as "Google Reader," but denies the remaining allegations of paragraph 10.

11. Google, through various and varied novel revenue generating business methods accrued over $16 billion in annual Operating Revenues and over $4 billion in annual Net Income declared 12/2007. A substantial portion of these revenues derives from income related to softwares and related services that infringe the '011 and '002 patents.

**ANSWER:**

Google admits that it accrued over $16 billion in annual Revenue and over $4 billion in annual Net Income for 2007, but denies the remaining allegations of paragraph 11.

12. Priest & Morris informed Google of the availability of the '011 and '002 patents in late 2007 by contacting Google's "bizdev" development program via e-mailed submissions. On March 18, 2008 (re: #253762484), the "bizdev" team wrote to inform Priest & Morris that Google was not interested in these patents.

**ANSWER:**

Google admits that it received correspondence from Plaintiffs on March 18, 2008 and returned correspondence on March 18, 2008, but Google denies the remaining allegations of paragraph 12.

13. On May 14, 2007, a District Court ruled in favor of SanDisk regarding the pre-emptive use of declaratory judgments in matters of offers and possible patent infringements. As the result of this ruling and ensuing opinions, Priest & Morris refrained from further direct contact with Google.

**ANSWER:**

Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis denies them.

14. Based on further opinion, Priest & Morris elected to not continue direct correspondence with Google but rather file suit for infringement with their local Federal District Court so as to avoid untoward possible actions that might prevent them from reaching a fair

settlement with Google. While Priest & Morris wished to handle the discussion without resorting to the courts, this precedence made that too dangerous.

**ANSWER:**

Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and on that basis denies them.

15. Further, as Priest & Morris, in good faith, only wish that the invention be used to its fullest potential, and have a strong wish that precious court and corporate resources be conserved, the plaintiffs prefer reaching this fair settlement through friendly appreciation and negotiation. In any event, we encourage defendant to not view this complaint as "litigious behavior" and to view it in respective good faith and action. (Should Google respond with unusual and unwarranted adversity, Priest & Morris would ask the judge what relief they might seek in the courts.)

**ANSWER:**

Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis denies them.

## COUNT I

### Infringement of the '011 and '002 Patents

16. Plaintiffs Priest & Morris incorporates by reference paragraphs 1–15 above as though fully set out herein.

**ANSWER:**

Google incorporates by reference its responses to paragraphs 1-15 as if fully set forth herein.

17. In violation of 35 U.S.C. § 271(a), Google has and is actively engaged in acts of direct infringement of the '011 and '002 patents. Depending upon discovery regarding information provided as described above (#253762484), Google's infringement may have been and may continue to be willful and deliberate. Google will continue to engage in such acts unless enjoined by this court.

**ANSWER:**

Google denies the allegations of paragraph 17.

41063-0113/LEGAL15225009.2

18. In violation of 35 U.S.C. § 271(b), Google has and is actively engaged in inducing infringement of the '011 and '002 patents. Google has caused and is causing, urging, encouraging, and/or aiding, possibly with knowledge and specific intent, others to infringe the '011 and '002 patents. Google will continue to engage in such acts unless enjoined by this court.

**ANSWER:**

Google denies the allegations of paragraph 18.

19. In violation of 35 U.S.C. § 271(c), Google, depending on the results of discovery, may contribute and may have contributed to the infringement of the '011 and '002 patents by providing telecommunicated access within the United States and/or importing into the United States a component of a patented machine, constituting a material part of the invention disclosed in the '011 and '002 patents, possibly knowing the same to be especially made or especially adapted for use in an infringement of the '011 and '002 patents, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Again, based on the results of discovery, Google's contributory infringement may have been and may continue to be willful and deliberate. Google will continue to engage in such acts unless enjoined by this court.

**ANSWER:**

Google denies the allegations of paragraph 19.

20. By reason of the aforesaid infringement, Priest & Morris have been and continue to be damaged and irreparably harmed and is entitled to damages adequate to compensate for the infringement by Google, but in no event less than a reasonable royalty for the use made of the invention by Google together with interest and costs as provided under the terms and provisions of 35 U.S.C. § 284.

**ANSWER:**

Google denies the allegations of paragraph 20.

21. Priest & Morris are without an adequate remedy at law for the infringement of the '011 and '002 patents.

**ANSWER:**

Google denies the allegations of paragraph 21.

22. Priest & Morris is entitled to injunctive relief as provided under the terms and provisions of 35 U.S.C. § 283.

41063-0113/LEGAL15225009.2

**ANSWER:**

Google denies the allegations of paragraph 22.

23. To the extent any allegations of the Complaint are not addressed above, they are denied.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, and without admitting the burden of proof on such issues, Google alleges as follows. Google reserves the right to amend and supplement these affirmative defenses based on discovery obtained in this action.

**Affirmative Defense No. 1**: Plaintiffs fail to state a claim upon which relief can be granted.

**Affirmative Defense No. 2**: A reasonable opportunity for discovery will establish that the '011 and '002 patents are invalid for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

**Affirmative Defense No. 3**: Plaintiffs' claims are barred in whole or in part by the doctrine of waiver, estoppel, prosecution laches, unclean hands, and/or laches.

**Affirmative Defense No. 4**: Plaintiffs are estopped from construing any valid claim of the '011 and '002 patents to cover any Google product which is alleged to infringe the '011 and '002 patents either literally or under the doctrine of equivalents, by reason of statements, admissions and/or amendments made by or on behalf of the applicant during proceedings in the United States Patent and Trademark Office ("PTO") regarding the patent applications which matured into the '011 and '002 patents, and/or by reason of statements, admissions, and/or amendments made during proceedings in the PTO regarding related patent applications.

**Affirmative Defense No. 5**: Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs would have an adequate remedy at law.

41063-0113/LEGAL15225009.2

**Affirmative Defense No. 6**: Google reserves all other defenses under Rule 8(a) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Pursuant to Rule 13, Federal Rule of Civil Procedure, Defendant and Counterclaimant Google, Inc. ("Google") hereby alleges for its Counterclaims against Plaintiffs and Counterclaim-Defendants W. Curtiss Priest and William H. Morris, d/b/a Knowledge Spreadsheet Technologies ("Priest and Morris"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

### THE PARTIES

1. Google is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

2. Priest and Morris allege in the Complaint that they are residents of the Commonwealth of Massachusetts, having a place of business at 466 Pleasant Street, Melrose, MA 02176.

### JURISDICTION & VENUE

3. By its Counterclaim, Google seeks a declaration that: (i) it does not infringe any patent rights owned by Priest and Morris, including the '011 and '002 patents; and (ii) the '011 and '002 patents are invalid.

4. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 2201 and 2202, as this is an action arising under the patent laws of the United States. Further, an actual, substantial, and continuing justiciable controversy exists

between Google and Priest and Morris with respect to which Google requires a declaration of its rights by this Court.

5.  This Court has personal jurisdiction over Priest and Morris because Priest and Morris have commenced the underlying patent infringement action in this Court.

6.  Venue is proper in this Court because Priest and Morris filed the Complaint in this Court.

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Noninfringement)

7.  Google incorporates and realleges Paragraphs 1-6 as if set forth fully herein.

8.  On December 11, 2008, Priest and Morris filed a Complaint for Patent Infringement, alleging infringement of the '011 and '002 patents, naming Google as the Defendant.

9.  Priest and Morris allege in the Complaint that they have sole ownership of U.S. Patent Nos. 5,167,011 and 5,892,002 ("the '011 and '002 patents").

10. Google has not infringed and is not now infringing any patent rights owned by Priest and Morris, including the '011 and '002 patents, either literally or under the doctrine of equivalents.

11. A valid and justiciable controversy has arisen and exists between Google and Priest and Morris as to whether Google is infringing Priest and Morris's parent rights. Google requests a declaratory judgment that it does not infringe any patent rights owned by Priest and Morris, including the '011 and '002 patents.

### SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

12. Google incorporates and realleges Paragraphs 1-11 as if fully set forth herein.

-9-

13. On information and belief, a reasonable opportunity for discovery will establish that the '011 and '002 patents are invalid because they fail to satisfy the conditions and requirements for patentability as set forth in Title 35 of the United States Code.

14. A valid and justiciable controversy has arisen and exists between Google and Priest and Morris based on Priest and Morris having filed a Complaint alleging infringement of the '011 and '002 patents. Google requests a declaratory judgment that the '011 and '002 patents are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Google requests that the Court enter judgment in its favor and against Priest and Morris on their Complaint for Patent Infringement, and grant relief as follows:

A. Dismissing the Complaint against Google with prejudice and declaring that Priest and Morris take nothing by way of their Complaint;

B. Declaring that Google does not and has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, literally or under the doctrine of equivalents, any patent rights owned by Priest and Morris, including any valid claims of U.S. Patent Nos. 5,167,011 and 5,892,002;

C. Declaring that U.S. Patent Nos. 5,167,011 and 5,892,002 are invalid;

D. Ordering that Priest and Morris, its officers, directors, attorneys, agents, and all persons acting in concert or in participation with Priest and Morris, be enjoined from representing or suggesting that Google is infringing U.S. Patent Nos. 5,167,011 and 5,892,002;

E. Declaring that this is an exceptional case under 35 U.S.C. § 285 and requiring Priest and Morris to pay Google its attorneys' fees, costs and expenses in this action; and

F. That the Court grant Google such other and further relief as it may deem just and proper.

Dated: March 6, 2009

        Respectfully submitted,

        **GOOGLE INC.**


        /s/ James B. Conroy
        ―――――――――――――――――――
        James B. Conroy (BBO# 096315)
        Jill Brenner Meixel (BBO# 652501)
        DONNELLY, CONROY & GELHAAR, LLP
        One Beacon Street, 33rd Floor
        Boston, Massachusetts 02018
        (617) 720-2880


        Ramsey M. Al-Salam (*pro hac vice* motion pending)
        PERKINS COIE LLP
        1201 Third Avenue, Suite 4800
        Seattle, WA 98101-3099
        Phone: 206.359.6385
        Fax: 206.359.9000
        Email: RalSalam@perkinscoie.com

        Brandy R. McMillion (*pro hac vice* motion pending)
        PERKINS COIE LLP
        131 S. Dearborn, Suite 1700
        Chicago, IL 60603
        Phone: (312) 324-8587
        Fax: (312) 324-9587
        Email: BMcMillion@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper or electronic copies will be delivered to those indicated as non-registered participants on March 6, 2009.

/s/ James B. Conroy
James B. Conroy