Center for Information, Technology & Society
466 Pleasant Street
Melrose MA, 02176-4522
a 501(c)3 charitable nonprofit
(fax: 509-355-6838) 781-662-4044
BMSLIB@MIT.EDU — www.CyberTrails.org

FILED IN CLERKS OFFICE
2009 MAR 19 P 4 03
U.S. DISTRICT COURT
DISTRICT OF MASS.

March 19, 2009

PLAINTIFFS' ACCEPTANCE OF DISMISSAL OF SUIT PER DEFENDANT OFFER OF MARCH 6th, 2009
Case: 1:08-cv-12056-DPW Priest et al v Google Inc.

The Honorable Judge Douglas P. Woodlock
Boston Federal District Court
Moakley Court House
Boston, MA

Dear Sir:

As stated in our complaint of December 2nd, 2008, our intent has been to arrive at a settlement regarding the '011 and '002 patents based on the merits and their applicability. And, as previously stated, due to a recent SanDisk decision, we were advised to avoid venue problems by filing in our local Federal District Court.

At the request of Google, we gladly agreed to a 60 day extension for their Answer, as, early discussions suggested that the parties might settle in advance of the Answer, using this time to spare all from a protracted situation.

On March 6th, Ramsey Al-Salam, representing Google, offered to join in dismissal of the suit, with prejudice and without seeking declaratory judgements should we agree. And, plaintiffs, having acted in good will and good faith and with what we still consider a valid and applicable complaint, we ask the court find Google's Prayers for Relief as unnecessary and no longer relevant, accordingly.

More specifically, we join in dismissal of the suit for several reasons:

- During the period for settlement, the trauma and stress of this process, in part, resulted in a the near death of the inventor, Dr. Priest. He was hospitalized at Mt. Auburn from February 2 to February 5 for a bleeding ulcer, a condition for which he had no prior history, but which now makes it difficult for him to provide the Pro Se counsel that continuing this suit requires

- Considerable time of the 60 day extended period, valuable to reaching an early resolution, was lost due to the other party's misunderstandings about how Google's product(s) operate in relation to a user's PC and how those operations related to the claims

- The adversarial nature of filing the suit made Google representatives reluctant to reconsider facts related to these misunderstandings, and thus has led to an impasse in attempts to reach a settlement

In summary, we hope that in ending the litigation at this time, Google will not feel at odds with us, and we ask them to still consider the patents on their merit and agree to a reasonable royalty, accordingly. In particular, we encourage them to consider the value of the invention in attaining selective marketing of products and services as elaborated in the 2nd patent.

cosigned: *WCP*
*W. H. Morris*

William H. Morris
KST

Sincerely,

*A. Curtiss Priest*

W. Curtiss Priest, Ph.D.
Director, CITS
KST

I hereby certify that the following interested parties shall receive a copy of the Amended Complaint via electronic mail when this document has been recorded:

James B. Conroy
Donnelly Conroy & Gelhaar LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
jbm@dcglaw.com

Jill Brenner Meixel
Donnelly Conroy & Gelhaar LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
jbm@dcglaw.com

Ramsey Al-Salam
Perkins Coie LLP
1201 Third Avenue
Suite 4800
Seattle, WA 981010-3099
206-412-6768
RAlsalam@perkinscoie.com

Brandy R. McMillion
Perkins Coie LLP
131 S. Dearborn Street
Suite 1700
Chicago, IL 60603-3559
bmcmillion@perkinscoie.com

W. Curtiss Priest
466 Pleasant Street
Melrose, MA 02176
bmslib@mit.edu

William H. Morris
62 Old Nugent Farm
Gloucester, MA 01930
WHMORRIS@Prodigy.Net